# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

## IN RE: CHAPTER 11 CASE NO. 08-11981

**EMIGRANT MORTGAGE COMPANY, INC.**                                    **Appellant**

**vs.**                                                    **Civil Action No. 1:09CV67**

**THOMAS E. VICE and**
**DIANE E. VICE**                                                         **Appellees**

## <u>ORDER</u>

This is an appeal of the bankruptcy court's ruling denying appellant Emigrant Mortgage

Company Inc.'s motion to lift the automatic bankruptcy stay so that it might foreclose upon

property owned by appellee Thomas Vice.  On May 21, 2008, the debtors Thomas and Diane

Vice filed a joint petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the

Northern District of Mississippi. Thomas Vice is an investment real estate broker who is also

engaged in real estate property management in Columbus and Stark, Mississippi.  The instant

appeal relates to a vacation home purchased by Vice in the Florencia Condominiums in

Pensacola, Florida on February 16, 2006.  On that same day, Vice borrowed $812,500.00 from

Emigrant to finance the purchase and secured the debt with a first mortgage on the property.

Vice failed to make the required monthly payments on the mortgage in February, March, April

and May of 2008. After filing for bankruptcy in May 2008, Vice did not make any payments to

Emigrant until December 2008, when he began to make payments ordered to be made by the

Bankruptcy Court as adequate protection during the pendency of the bankruptcy stay.

Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest

an after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay- …(2) with respect to a stay of an act against property under subsection (a) of this section, if: (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).  In denying Emigrant's request that the stay be lifted, the bankruptcy court concluded that  Vice's continued ownership of the vacation home was necessary for an effective reorganization, based primarily upon the tax consequences which would result from foreclosure.  Specifically, the bankruptcy court wrote as following in its order denying reconsideration:

> The court remains of the opinion that if the Court lifted the automatic stay and allowed Emigrant to foreclose, the bankruptcy estate may incur a post-petition, administrative expense tax on the gain that will be incurred by the estate based upon the Debtor's "like kind" exchange of real property as reflected in the Debtor's income tax returns that were introduced into evidence during the course of the hearing in connection with the motion.

While the bankruptcy court thus denied Emigrant permission to foreclose, it did require Vice to make "adequate protection" payments to Emigrant in the amount of $4,197.92 per month.

It is well established that findings of fact made by a bankruptcy court may not be set aside unless clearly erroneous. *In re Missionary Baptist Foundation, Inc.*, 712 F.2d 206 (5th Cir. 1983). Thus, this court must affirm the bankruptcy court's findings unless "on the entire evidence [it is] left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Conclusions of law, however, are subject to de novo review. *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir.1986).   Any mixed questions of law and fact and/or any questions

regarding the application of the law to the facts are likewise subject to *de novo* review. *Traina v. Whitney National Bank*, 109 F.3d 244, 246 (5th Cir. 1997).

Based upon the aforementioned standard of review, the court concludes that the ruling of the bankruptcy court must be affirmed. Once a secured creditor establishes that a debtor has no equity in a property under § 362(d)(2), the burden shifts to the debtor to demonstrate that the property is necessary for an effective reorganization. 11 U.S.C. 362(g)(2). *In re Sutton*, 904 F.2d 327, 330 (5th Cir. 1990). While it is undisputed that Vice lacks equity in his vacation home, thus meeting the first requirement of § 362(d)(2), he testified that the tax consequences of a foreclosure would be most severe for his reorganization prospects. As noted by Vice in his brief:

> The Debtor further testified that the Condominium was necessary for an effective reorganization of his Bankruptcy Case in order to avoid a hefty administrative tax claim that would be owed by the Debtor to the Internal Revenue Service (the "IRS") if the property was foreclosed upon by the Appellant or sold by the Debtor. The Debtor explained that prior to the filing of his Bankruptcy Case, he sold an unrelated piece of property for approximately $750,000.00 in which he had "virtually no [tax] basis" in and subsequently "rolled" that sale into a tax-free exchange as to the purchase of the Condominium. Because the Debtor's basis in the Condominium is "very low, virtually nothing"... a sale would trigger ... "a lot of [income] tax." The Debtor further explained that the tax ... would be deemed an administrative expense claim in the Debtor's Bankruptcy Case and that he did not have the funds necessary to pay that kind of tax burden.

As evidenced by its ruling quoted above, the bankruptcy court accepted this argument by Vice in full and accordingly agreed that the motion to lift the stay should be denied.

This appeal presents close and difficult issues, inasmuch as the property involved- a vacation beach home - is one which is not easily regarded as being "essential for an effective reorganization." At the same time, the bankruptcy court made it clear that it was basing its ruling not upon the nature of the property, but, rather, upon the tax consequences of a foreclosure and

the implications of same for the prospects of an effective reorganization. Moreover, the bankruptcy court clearly gave careful consideration to the competing arguments in this regard, having personally witnessed Vice testify as to his reorganization plans in an October 2008 hearing. With regard to his condominium, Vice testified that he would propose to amortize the indebtedness owed to Emigrant over thirty years with a seven year balloon, at the interest rate of "prime" plus one quarter and that he would pay all property taxes and association dues on the condominium.

While this court must conduct a *de novo* review of legal conclusions by the bankruptcy court, it can not disregard the quite obvious fact that the bankruptcy court has far greater knowledge and experience than this court in determining what is, and is not, a realistic reorganization plan and how the debtor's continued ownership of the condominium fits into that plan. Moreover, the bankruptcy court was able to personally evaluate the testimony of Vice, and, to the extent that its ruling was impacted by these credibility evaluations, it is entitled to deference from this court. The court would also reiterate that the bankruptcy court sought to protect Emigrant's interests by requiring that Vice make quite substantial "adequate protection" payments in excess of $4,100 per month, which includes interest payments, property insurance and condominium dues. Emigrant seeks to turn these payments against Vice by questioning how he is able to make such payments while still being unable to afford approximately $100,000 in capital gains taxes which would result from the sale of his condominium.[1] While this appears to be a legitimate question, the fact that the bankruptcy court did make provisions for adequate

---

[1]The exact amount of Vice's tax liability does not appear to have been clearly established, but it appears to be in this general amount.

protection payments makes this court less willing to second-guess its finding that the stay should not be lifted at this juncture. The court trusts, however, that if the evidence should later support a conclusion that Vice's reorganization plan is not viable or that his continued ownership of the condominium is not essential for that reorganization, the bankruptcy court will revisit its ruling and permit foreclosure. With the foregoing caveat, the bankruptcy court's refusal to lift the stay will be affirmed.

In light of the foregoing, the bankruptcy court's order refusing to lift the automatic stay is affirmed.

SO ORDERED, this the 13th day of October, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**